UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONIQUE C. DAVIS,<br>    Plaintiff,<br>v.<br>KILOLO KIJAKAZI, in her official capacity as Acting Commissioner of the Social Security Administration,<br>    Defendant. | Civil Action No. 20-2282 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(June 28, 2023)

On August 24, 2022, the Court remanded this Social Security matter for further proceedings. Plaintiff Monique Cecilia Davis ("Plaintiff" or "Davis") now seeks an award of attorney's fees in the amount of $23,271.67 and paralegal fees in the amount of $360 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Court concludes that Plaintiff is entitled to costs, but not in the amount requested. Accordingly, and upon review of the briefing, the relevant legal authority, and the entire record, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's [26] Petition for Attorney's Fees under the Equal Access to Justice Act ("EAJA").

The EAJA permits parties, including Social Security benefit claimants, who prevail in actions against the government to recover attorney's fees and other expenses. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Under EAJA, a court may award a plaintiff reasonable attorney's fees and expenses if: (1) the plaintiff is the prevailing party; (2) the plaintiff has incurred fees or expenses; (3) the position of the United States in the action was not substantially justified; and (4) no special circumstances make an award of fees unjust. 28 U.S.C. §§ 2412(b), d(1)(A). Awards of attorney's fees pursuant to EAJA are statutorily capped at $125 an hour

1

"unless the court determines that an increase in the cost-of-living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Here, it is undisputed that Plaintiff is the "prevailing party" and is entitled to costs. Defendant contests only the amount. Defendant agrees that the fees awarded should be inflation-adjusted, but opposes Plaintiff's requests for an even further upward departure to reflect her experience in litigating Social Security matters as a "special factor." The Court concludes that Plaintiff has not demonstrated a "special factor," but the Court will award fees that are inflation-adjusted.

**A. Special Factor**

To demonstrate a "special factor," the prevailing party faces a high bar. The prevailing party must show that their "attorneys hav[e] some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation." *Pierce v. Underwood*, 487 U.S. 552, 572 (1988). In *Pierce*, the Supreme Court made clear that "the novelty and difficulty of issues," "the undesirability of the case," "the work and ability of counsel," and "the results obtained" all failed to qualify as special factors that would necessitate an award of attorney's fees above the statutory cap. *Id.* (internal citation and quotation marks omitted).

The vast majority of courts have held that a counsel's extensive experience practicing Social Security benefits law does not constitute a special factor warranting an increase in attorney's fees above the statutory cap. And for good reason—"expertise in social security law would be of the type that is possessed or easily acquired by reasonably competent attorneys licensed to practice law," and thus falls below the threshold of "distinctive knowledge or

specialized skill" required for an increase in attorney's fees above the statutory cap. *Hyatt v. Barnhart*, 315 F.3d 239, 252 (4th Cir. 2002); *accord Mitchell-Jenkins v. Colvin*, 2016 WL 10677600, at *3 (D.D.C. Mar. 31, 2016) (Robinson, M.J.). Put differently, "[a]lthough Social Security benefits law involves a complex statutory and regulatory framework, the field is not beyond the grasp of a competent practicing attorney[.]" *Chynoweth v. Sullivan*, 920 F.2d 648, 650 (10th Cir. 1990); *see also Raines v. Shalala*, 44 F.3d 1355, 1361 (7th Cir. 1995) ("[T]he area of social security law cannot in itself be considered such a specialized area of law practice as to warrant, as a general rule, payment in excess of the [statutory] rate.").

In the face of this overwhelming precedent, Plaintiff's counsel declaims that she has garnered twenty years of experience as an administrative law judge for Social Security and ten years of experience litigating Social Security matters in private practice. Yet the relevant inquiry is not the experience of counsel in an area of law, but whether that area of law is so niche and complex that it qualifies as the exception to the EAJA's default rate. Plaintiff's counsel fails to make such a showing here.

### B. Award Calculation

Unlike a request for a "special factor" increase, a prevailing party faces a much lower bar for a cost-of-living adjustment. Attorney's fees above the statutory cap are frequently awarded to compensate for increases in the cost of living, with courts in this jurisdiction using the regional Consumer Price Index ("CPI") to make such adjustments. *See, e.g.*, *Cooper v. R.R. Retirement Bd.*, 24 F.3d 1414, 1417 (D.C. Cir. 1994); *Porter v. Astrue*, 999 F. Supp. 2d 35, 39 (D.D.C. 2013) (JEB); *Mitchell-Jenkins*, 2016 WL 10677600 at *3. Courts of this jurisdiction generally use the yearly, regional CPI computed by the United States Bureau of Labor Statistics, because "it most accurately reflects the increase in the cost of living experienced by the attorneys in [a] particular

region." *Porter*, 999 F. Supp. 2d. at 39 (collecting cases). If a yearly CPI is unavailable for legal work done during a handful of months in the applicable year, courts then "average the months for which a CPI was available" to calculate the adjustment. *See Mitchell-Jenkins*, 2016 WL 10677600 at *2. The adjusted hourly rate itself is calculated by "multiplying the regional CPI by the amount stated in the statutory cap, and then dividing the remainder by the applicable regional CPI at the time the statutory cap was increased in 1996." *Id.*; *see also Haselwander v. McHugh*, 797 F.3d 1, 3 (D.C. Cir. 2015) (using CPI-U to calculate adjustment to statutory rate under EAJA).

All of the work that Plaintiff's counsel is seeking reimbursement for occurred during 2021. *See* Plaintiff's Petition for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), ECF No. 26, Ex. A. As such, the Court will use the regional CPI-U for 2021, which was $277.728.[1] The regional CPI at the time the statutory cap was increased in 1996 was $100. *See Porter*, 999 F. Supp. 2d at 31. Thus, the adjusted billable rate is $125 x $277.728 / $100 = $347.16. Therefore, the Court will apply an adjusted billable rate of $347.16.

The Court must then multiply the billable rate by the number of hours expended. Plaintiff requests a total of 46.66 hours. *See* Plaintiff's Petition for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), ECF No. 26, at 1.[2] Multiplying 46.66 hours by the billable rate of $347.16 equals $16,198.47. Plaintiff also requests an award of $360 for 2 hours

---

[1] *See Summary of annual and semi-annual indexes*, U.S. BUREAU OF LABOR STATISTICS, https://www.bls.gov/regions/mid-atlantic/data/consumerpriceindexannualandsemiannual_table.htm (last visited Jun. 21, 2023).

[2] This request reflects a voluntary, twenty-five percent reduction in hours expended. In reply, Plaintiff's counsel requested, for the first time, to be compensated for 62.22 hours of work. The amount requested is itself a request for relief, and, pursuant to Rule 7(b), "[t]he Court does not consider new arguments and requests for relief made on reply[.]" *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, 2015 WL 5071949 (N.D. Cal. Aug. 27, 2015).

of paralegal work, calculated using the 2021 hourly fee for paralegals and law clerks from the USAO Matrix. *See* Plaintiff's Petition for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), ECF No. 26, at 1. In Defendant's Opposition, Defendant notes that Plaintiff never explained why an increase above the statutory cap for paralegal work was justified and as such, argues that Plaintiff should be compensated at the statutory cap of $125 per hour for paralegal work. Defendant's Memorandum in Opposition to Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act, ECF No. 28, at 5. Plaintiff having failed to respond to this argument in reply, it is conceded. *See Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009) (RMU) ("Because the plaintiff fails to respond to any of these arguments in his oppositions, the court treats them as conceded." (internal citations omitted)). Therefore, for paralegal fees, the Court awards the sum of $250.00 ($125 per hour for 2 hours). In total, the Court awards $16,448.47 in fees and costs.

* * *

Accordingly, and for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's [26] Petition for Attorney's Fees under the Equal Access to Justice Act ("EAJA") is **GRANTED IN PART AND DENIED IN PART**. It is further

**ORDERED** that Plaintiff is **AWARDED** in fees and costs, to be made payable to: Monique Davis, 5185 MacArthur Blvd., Ste. 1, Washington, DC 20016, in the amount of Sixteen Thousand, Four Hundred and Forty-Eight dollars and 47/00 cents ($16,448.47). It is further

**ORDERED**, that payment shall be effected on or before **August 11, 2023**.

**SO ORDERED**.

Dated: June 28, 2023         \_\_\_\_\_/s/_____
                              COLLEEN KOLLAR-KOTELLY
                              United States District Judge